**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| BREY CORP. t/a Hobby Works<br>14300 Cherry Lane Court, #106<br>Laurel, Maryland 20707<br><br>   Plaintiff<br><br>vs.<br><br>LQ MANAGEMENT, LLC<br>d/b/a La Quinta Inns & Suites<br>909 Hidden Ridge, Ste. 600<br>Irving, TX 75038<br><br> Serve: Robert Mosqueda, Registered Agent<br>    2113 S. Bentsen Rd.<br>    Mcallen, TX 78503<br><br>   Defendant. | CIVIL ACTION NO. |

**CLASS ACTION COMPLAINT**

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. § 227, Congressional Statement of Findings #5.  Specifically, in enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile ("Junk Fax").  See 47 U.S.C. § 227.  BREY CORP. t/a Hobby Works ("Plaintiff"), on behalf of itself and all persons and entities similarly situated, files this complaint against the Defendant LQ Management, LLC d/b/a La Quinta Inns & Suites ("La Quinta"), for its violation of federal telemarketing law.

## THE PARTIES

1. Plaintiff, BREY CORP. t/a Hobby Works is a Maryland corporation with a principal place of business at 14300 Cherry Lane Court, #106, Laurel, Maryland.

2. LQ Management, LLC d/b/a La Quinta Inns & Suites is a Texas corporation with a principal place of business at 909 Hidden Ridge, Ste. 600 in Irving, TX 75038.  At all relevant times, La Quinta conducted business through its hotels located in Maryland at 7300 Crestmount Rd. in Jessup, MD and 4 Philadelphia Ct. in Baltimore, MD.

## JURISDICTION

3. This Court has subject matter jurisdiction of the federal claims asserted in this action under 28 U.S.C. § 1331.

4. This Court has original jurisdiction pursuant to 28 U.S.C. 1332(d)(2)(A) because the matter in controversy exceeds the sum or value of $5,000,000 in the aggregate for the class, exclusive of interest and costs, and is a class action in which a member of the plaintiff class is a citizen of a state different from a defendant.

## THE LEGAL BASIS OF THE CLASS CLAIMS

5. This class action arises from, what is suspected to be, the violation by La Quinta of federal law prohibiting privacy violations via invasive telemarketing practices.

6. The claims of the Plaintiff, and the class of persons it seeks to represent, arise pursuant to the provisions of the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telemarketing practices.

7. The TCPA was also enacted to protect the property rights of the recipients of unsolicited facsimile advertisements.

8. The TCPA prohibits the use of a facsimile machine to send unsolicited advertisements for goods and services.  42 U.S.C. §227(b)(1)(C).

9. The TCPA requires that even facsimile advertisements being sent to consumers who consented to receipt, or with whom the advertiser had an established business relationship, must include language on the facsimile which clearly informs the recipient that they may request that future facsimiles cease, and that failure to remove the consumer's facsimile from the telemarketer's database within thirty days is itself a violation of the TCPA.  These requisites are referred to as "Compliant Opt Out Notice." See 42 U.S.C. §227(b)(2)(D).

10. The TCPA, 47 U.S.C. §227(b)(3) provides a private right of action in state court, as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receiver $500 in damages for each violation, whichever is greater, or (C) both such actions.

11. The federal regulations implementing the TCPA similarly provide that no person may "[u]se a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."  47 C.F.R. §64.1200(a)(3).

12. Despite the language in the TCPA providing for a cause of action in "a court of that State," jurisdiction in this Court is proper under federal question jurisdiction and is mandated under the Class Action Fairness Act, including its provisions at  28 U.S.C. 1332(d)(2)(A).

13. Plaintiff brings this action individually and as the representative of all members of a class, nationwide, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF**

14. On March 15, 2007, August 15, 2007 and, upon information and belief, on other dates thereafter, La Quinta transmitted unsolicited facsimile advertisements to Plaintiff and to thousands of

other consumers in Maryland and elsewhere throughout the United States. Copies of samples of the advertising content that was sent to Plaintiff on March 15, 2007 and August 15, 2007 are attached as Exhibits A and B, respectively.

15. Plaintiff did not give express prior invitation or permission, and did not give prior consent in any fashion, for the transmission of the advertisement to Plaintiff via facsimile.

16. Plaintiff did not have a prior business relationship with La Quinta.

17. The facsimile did not contain a Compliant Opt Out Notice.

## CLASS ALLEGATIONS

18. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

19. Upon information and belief, over the past four years, pursuant to a uniform policy and procedure, La Quinta has engaged in widespread advertising via unsolicited facsimile transmission in violation of the TCPA.

20. Upon information and belief, over the past several years, pursuant to a uniform policy and procedure, La Quinta has transmitted unsolicited facsimile advertisements to tens of thousands of consumers and entities throughout Maryland and the United States.

21. Upon information and belief, pursuant to a uniform policy and procedure, La Quinta did not obtain the consent of facsimile recipients prior to the transmission of facsimile advertisements.

22. La Quinta carelessly and recklessly relied on a third party marketing professional to take all steps necessary to ensure that the facsimile marketing campaign of La Quinta was compliant with telemarketing law.

23. La Quinta carelessly and recklessly failed to obtain prior express invitation or permission from Plaintiff and the class members and to take all steps necessary to ensure that the facsimile marketing campaign of La Quinta was compliant with telemarketing law.

24. To the extent facsimile advertisements were transmitted by La Quinta to consumers who had given consent, or had an established business relationship with La Quinta, the facsimile advertisements are still in violation of the TCPA as they did not contain the Compliant Opt Out Notice required by law.

25. The class of persons represented by Plaintiff is composed of all persons or entities within the United States to whom La Quinta sent, or caused to be sent, facsimile advertisements promoting La Quinta and its services, at any time within four years prior to the filing of the instant Complaint.

26. The class as defined above is identifiable by phone records, fax transmittal records, and fax number databases, used by La Quinta or its agents, in transmitting its unsolicited facsimile advertisements.  On information and belief, the potential class members number in the thousands and are so numerous that joinder of all class members is impracticable.  Plaintiff is a member of the class.

27. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a.  Whether La Quinta violated the TCPA, FCC promulgating regulations, by engaging in illegal fax advertising.

    b.  Whether the facsimiles sent by La Quinta to class members constitute unsolicited advertisements;

    c.  Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of La Quinta's actions.

28. Plaintiff's claims are typical of the claims of the class.

29. Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class, it will fairly and adequately protect the interests of the class, and it is represented by counsel skilled and experienced in class actions.

30. The actions of La Quinta are generally applicable to the class as a whole and to Plaintiff.

31. Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by La Quinta and/or its agents.

32. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

33. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

34. Plaintiff is capable of and is willing to represent the other members of the class.

## CAUSES OF ACTION
## COUNT I: NEGLIGENT VIOLATION OF THE TCPA

35. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

36. La Quinta, or its agents, negligently caused unsolicited facsimile advertisements to be sent to Plaintiff and to the facsimile machines of other members of the class, in violation of the TCPA and the FCC's promulgating regulations.

37. By causing unsolicited facsimile advertisements to be sent to the class, La Quinta violated the privacy rights of class members.

38. By causing unsolicited facsimile advertisements to be sent to the class, La Quinta caused class members to sustain property damage and cost in the form of paper and toner.

39. By causing unsolicited facsimile advertisements to be sent to the class, La Quinta interfered with the class members use of their property as class members facsimile machines were encumbered by the transmission of La Quinta's unsolicited facsimile advertisements.

40. By causing unsolicited facsimile advertisements to be sent to the class, La Quinta caused the facsimile machines of class members to be encumbered by the transmission of unsolicited facsimiles.

41. La Quinta failed to provide the requisite notice on its advertisements of a recipient's right to cease receiving such advertisements and a cost free mechanism to make such request.

42. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of the TCPA.

## COUNT II: INJUNCTIVE RELIEF

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

45. The Plaintiff, acting on behalf of the Class, respectfully petitions the Court to order La Quinta to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

## COUNT III: INJUNCTIVE RELIEF, PRESERVATION OF EVIDENCE

46. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

47. La Quinta or its agents have custody and control of the business records and other information necessary to identify the members of the class including names and telephone facsimile numbers. Unless immediate injunctive relief is ordered, it is feared that La Quinta, or its agents, will alter, erase, delete, destroy or otherwise dispose of the records in their possession which are necessary to identify each recipient of the unsolicited facsimile advertisements being sent by La Quinta. For this reason, the Plaintiff petitions the Court for an order enjoining La Quinta, its agents, or anyone acting on its behalf,

8

from altering, deleting or destroying any documents or records which could be used to identify the members of the class.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of itself and the other members of the class, the Plaintiff prays for the following relief:

1. That La Quinta immediately be restrained from engaging in future telemarketing in violation of the TCPA.

2. That La Quinta, its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify the members of the class.

3. That this Court certify the claims of the named Plaintiff and all other persons similarly situated as class action claims as provided by Rule 23 of the Federal Rules of Civil Procedure.

4. That the named Plaintiff and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by La Quinta.

5. That the Court enter an appropriate order enjoining La Quinta, its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all persons, corporations, or other entities to whom defendants have transmitted unsolicited facsimile advertisements.

6. That the named Plaintiff and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

**THE CLASS PLAINTIFF REQUESTS A JURY TRIAL AS TO ALL CLAIMS OF THE COMPLAINT SO TRIABLE.**

        PLAINTIFF, BREY CORP. t/a Hobby Works
        By its attorney,


        /s/ Stephen H. Ring
        Stephen H. Ring, Esq.
        STEPHEN H. RING, P.C.
        506 Main Street, Suite 215
        Gaithersburg, MD 20878
        Phone: (301) 563-9249
        Fax: (301) 563-9639
        shr@ringlaw.us
        USDC-MD 00405

Dated: March 17, 2011