# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

BREY CORP. t/a Hobby Works

    Plaintiff

vs.

LQ MANAGEMENT, L.L.C

    Defendant.

CIVIL ACTION NO. 8:11-CV-00718-AW

### PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER INCLUDING EXTENSION OF DISCOVERY DEADLINES

Plaintiff, Brey Corp t/a Hobby Works ("Plaintiff"), through counsel, moves for modification of the Scheduling Order, including an extension of discovery deadlines. Defendant's counsel advises that Defendant does not consent to the relief sought in this motion.

### I. Nature of the Case.

This putative class action arises from alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA") by the transmission of unsolicited advertisements via facsimile. The TCPA creates a private right of action with statutory damages at a minimum of $500 per violation. The complaint alleges violations via sending and via non-compliant opt-out language, for each fax, and alleges that tens of thousands were sent. As stated in the prior (consent) motion to modify the scheduling order:

> In addition, due to the complexity of the claims and issues, the anticipated need for discovery and investigation, and the likelihood that there will be multiple experts on class certification issues, as well as the merits, the parties agree that additional time is required to complete discovery, provide expert disclosures and to file dispositive motions prior to briefing on class certification.

ECF 22 at 1. Despite diligent efforts by Plaintiff to pursue discovery, information and documents that are essential for class certification and for trial on the merits remain unproduced. Plaintiff has sent subpoenas to non-parties and has thereby obtained some relevant documents that indicate the existence of still other critical documents and information, and is now engaged in the pursuit of information and documents in Canada. Additional time is needed for the completion of this essential discovery and for review of that information by experts.

## II. Plaintiff has proceeded diligently.

Following a dispute with Defendant's corporate counsel over the adequacy of service of process arising from the confusingly similar names of two entities, both maintaining their principal offices in Texas (LQ Management, L.L.C., engaged in the hotel industry, and LQ Management, LLC, engaged in the health care industry; *see* motion at ECF 6), a new summons was issued and service was made in compliance with all technical requirements.

Defendant's first formal response to the suit was a motion to dismiss for lack of subject matter jurisdiction. Despite the clear allegations in the complaint that the faxes were sent to tens of thousands of consumers (ECF 1 at 4), Defendant argued that Plaintiff failed to allege facts sufficient to support the minimum $5,000,000 amount in controversy required for class actions. The Court denied the motion, ruling that the complaint contained sufficient allegations to support the requirement for purposes of diversity jurisdiction, and that Defendant had not met its burden of showing facts that would <u>disprove</u> those allegations. (ECF 17 at 5.)

The initial scheduling order was issued on November 1, 2011. (ECF 19). The initial scheduling order was modified, via joint motion at ECF 22, and order at ECF 23. Plaintiff promptly issued interrogatories and document requests to Defendant on November 17, 2011, and received Defendant's responses, containing mostly denials, on January 20, 2012. A total of eleven pages

were produced by Defendant in response to the document requests, including a three-page letter they had received from Plaintiff's counsel as part of Plaintiff's pre-suit investigation.  Plaintiff's counsel wrote Defendant's counsel on February 9, 2012, noting deficiencies in the responses and asking for complete answers and full production of documents, but received no substantive information or documents in response.  Based on Defendant's professed lack of knowledge and documents, and counsel's prior experience with motions to compel under these circumstances Plaintiff turned to alternative means of discovery.

Both before and after receipt of Defendant's discovery responses, Plaintiff issued document subpoenas to non-parties, and thereby obtained several hundred pages of documents which confirm that there has been a longstanding practice by LQ facilities of using vendor-supplied lists, including fax lists, to contact prospective customers, and further confirming that a large fax broadcaster in Ottawa, Canada known as Protus IP Solutions, LLC has provided fax broadcasting services for LQ.  With respect to the subpoenas, obtaining subpoena responses has required significant follow up work from Plaintiff's counsel to secure compliance with the subpoena, requiring additional time.

Defendant professes to be unaware of any documents or information pertaining to the fax broadcasting services rendered by Protus or by any other fax broadcaster, including the data routinely generated by fax broadcasters pertaining to fax transmissions.  As Defendant's responses repeat the mantra, "investigation is ongoing," Plaintiff has asked Defendant to supplement its responses for months based on its "ongoing investigation."

Only today, June 8, 2012, the last day of discovery under the current schedule, did Plaintiff receive Defendant's supplementation, providing demand letters from lawyers and documentation of settlements for unsolicited facsimile advertisements for La Quinta Inns during Plaintiff's proposed class period.  In addition, Defendant provided supplemental answers to interrogatories, disclosing

(on the last day of discovery precluding (under the current schedule) any follow up discovery and depriving Plaintiff of the ability to obtain records relating to the faxes at issue. By way of example, Defendant disclosed for the first time the identity of two employees who were involved in some way in fax marketing, April Comerford and Johanns Williams. Lastly, for the first time Defendant identified a telephone number and carrier for advertisements that may have been sent by Mr. Williams. These 11th hour disclosures alone are a valid reason to extend the discovery period in this action. To refuse to extend discovery would allow the Defendant to prevent Plaintiff from securing information allowing it to identify the class through delayed and incomplete discovery responses.

### III. Pursuit of Documents in Canada

Plaintiff has been in contact with Protus as described in the Application for International Letters of Assistance (ECF 25), further to the subpoena served on its parent j2 Global, Inc. and has been advised that Protus will not produce records or information without clearance from Canadian authorities under Canadian privacy laws. This situation has compelled Plaintiff to engage Canadian counsel, and to prepare for the possibility of contested proceedings in Canada over the release of the documents and information.

Plaintiff's counsel has retained the Ottawa, Ontario firm of Fraser Milner Casgrain, LLP to assist in the process of securing an order from a Canadian court. Fraser Milner advises Plaintiff's counsel that securing an order and production could take six months. An action to secure records from Canada is in Plaintiff's view necessitated in part by Defendant's professed inability to find the information and documents among its own records, and its refusal to request the documents directly from Protus as a service provider for Defendant.

Protus has asserted that compliance with Plaintiffs' subpoena, issued under the authority of this Court, will violate the Ontario Business Records Protection Act, R.S.O.,1990 c. B.19, s.1-2

("OBRPA") and/or Canada's Personal Information Protection and Electronic Documents Act, 2000, ch. 5, s. 1-60 S.C. 2000 (Can.) ("PIPEDA"), and that these laws preclude disclosure outside of Ontario, Canada of documents and information maintained solely in the province of Ontario, in the absence of an order from an Ontario court, and clearance from the Ontario Privacy Commission. The undersigned has challenged the applicability of these Canadian statutes to discovery in cases pending in the U.S. courts, in other litigation before this Court (e.g. Hobby Works v. Protus, Case No. DKC 08-CV-1618), and has found that this Court is reluctant to rule on the issue, and prefers instead to have the parties go through the Canadian clearance process. Rather than take the time to force the issue again, Plaintiff has made the necessary arrangements, with the assistance of Canadian counsel as described above, to undertake this expensive and potentially time-intensive process.

## IV. Expert Issues

Despite the "likelihood that there will be multiple experts on class certification issues, as well as the merits . . ." as recited in the first motion to modify the scheduling order, there has been exactly one expert identified in this case (for defendants) and his report states essentially that he was given insufficient information to tell who sent the two faxes attached to the complaint as Exhibits A and B. Clearly, without data from the fax broadcaster and its customer who ordered the advertisements, this analysis by anyone is hampered.

Plaintiff expects that the data from Protus will provide the information necessary for a meaningful expert analysis of substantive information and documents, rather than the <u>lack of</u> information or documents, by both sides. Plaintiff therefore requests an opportunity to designate an expert for this purpose after the Protus records have been obtained, and for an opportunity to depose witnesses pertaining to fax broadcast services for advertisements promoting La Quinta.

5

## V. Proposed new dates.

| Existing Deadline | Proposed Deadline | Event |
|---|---|---|
| March 16, 2012 | October 16, 2012 | Plaintiff's Rule 26(a)(2) disclosures |
| April 27, 2012 | November 16, 2012 | Defendant's Rule 26(a)(2) disclosures |
| May 11, 2012 | December 3, 2012 | Plaintiff's rebuttal Rule 26(a)(2) disclosures |
| May 18, 2012 | December 3, 2012 | Rule 26(e)(2) supplementation of disclosures and responses |
| June 8, 2012 | December 15, 2012 | Discovery deadline; status report |
| June 29, 2012 | January 10, 2012 | Dispositive motions on plaintiff's claims |
| August 31, 2012 | February 28, 2013 | Motion for Class Certification due |
| September 28, 2012 | March 21, 2013 | Opposition to Motion to Class Certification |
| October __, 2012 | April 2, 2013 | Reply brief on Motion for Class Certification |
|  | April   , 2013 | Hearing on Motion for Class Certification |

Plaintiff requests that the Court set a status conference following the ruling on class certification to discuss further scheduling.

## VI. Conclusion

The modifications requested in this motion are necessary for completion of essential discovery, including documents and information in Canada, for purposes of a full presentation of the facts pertaining to class certification and pertaining to the merits. Defendant will suffer no prejudice from the requested modifications to the scheduling order. Discovery is grossly incomplete despite diligent efforts by Plaintiff. Plaintiff requests modification of the scheduling order using the dates listed above.

Dated: June 8, 2012

Respectfully submitted,
Attorneys for Plaintiff
*Brey Corporation*

___/s/___
Stephen H. Ring (Bar No. 00405)
STEPHEN H. RING, P.C.
506 Main Street, Suite 215
Gaithersburg, MD 20878
(301) 563-9249
(301) 563-9639 (fax)
shr@ringlaw.us

___/s/___
Edward A. Broderick
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
Phone: (617) 738-7080
ted@broderick-law.com
Admitted *Pro Hac Vice*

## Request for Hearing

Plaintiff requests a hearing on this motion either via telephone or in open court.

___/s/___
Stephen H. Ring