IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BREY CORP. (t/a HOBBY WORKS)   *
                                          *
                                          *
       v.                               *        Civil No. – JFM-11-718
                                          *
LQ MANAGEMENT LLC              *
                                        ******

## **MEMORANDUM**

Plaintiff has filed a motion for class certification. The motion will be denied.[1]

The parties have devoted much of their briefing to the question of the extent to which plaintiff, on behalf of the putative class, is able to identify the members of the putative class, i.e., persons who received unsolicited faxes from defendant. There is no reason for me to address the parties' respective positions on that question in light of the fact that it is undisputed that plaintiff cannot identify the class and requests that I send notices to *potential* members of the class.

I recognize that if the class were certified, defendant's liability would not be greater than the award of statutory damages to persons to whom it sent unsolicited faxes. I also accept the fact that the potential class probably includes most of the people to whom unsolicited faxes were sent and probably does not include a substantial number of persons to whom unsolicited faxes were not sent. I am satisfied, however, that under the circumstances of this case it would not be proper to certify the class requested by plaintiff because it cannot be properly ascertained.

---

[1] Defendant has filed a motion to exclude the testimony and opinions of plaintiff's expert, Robert B. Biggerstaff. I assume that Mr. Biggerstaff, despite his strong bias in favor of plaintiff's position, is competent as an expert to testify. I also accept the opinions that he has expressed. Accordingly, there is no need to decide the issues raised by defendant's motion, and it is denied as moot.

1

I start with the proposition that as a general rule a class should be certified before class notices are sent. *See generally Carrera v. Bayer Corp.*, 727 F.3d 300 (3rd Cir. 2013). My ruling denying class certification here does not, however, depend upon the application of a black-letter rule. There may be circumstances under which the class process itself might be used to ascertain the class. However, those circumstances do not exist here.

First, the members of the putative class have standing to assert a claim against defendant only if they received an unsolicited fax. There are no objective criteria that establish that a putative class member in fact obtained an unsolicited fax. A putative class member would be able to establish his, her, or its standing only by submitting an affidavit that he, she, or it had received the unsolicited fax. Perhaps there are cases in which it would be appropriate for such affidavits to be submitted as part of the claims administration process. Our system of justice is based upon the premise, however, that in order for a plaintiff to recover, he or she must prove to the satisfaction of the factfinder, after being cross-examined, that she, he, or it is entitled to the relief sought. *Cf.* Fed. Civ. P. 56.[2]

Second, the unsolicited faxes in question were sent in 2007-2008. Therefore, the recollection of a putative class member that he, she, or it had received a particular unsolicited fax would be somewhat suspect.

Third, plaintiff seeks statutory damages on behalf of itself and the putative class members. The apparent purpose of the statutory damages is to deter the sending of unsolicited faxes. In light of the number of class actions that have been instituted (in part, because of the advocacy of plaintiff's expert) under the Telephone Consumer Protection Act, it would not seem

---

[2] It may be also that a class member would have to prove that it is the person or entity that owned the fax machine that received the unsolicited advertisement in order to have standing. *See, e.g.*, *Compressor Eng. Corp. v. Manufacturers Fin. Corp.*, 213 W.L. 1789273 (E.D. Mich., April 26, 2013). That is another issue that I need not reach.

that class certification of this action is necessary to serve the interest of general deterrence. As for specific deterrence, nothing in the record suggests that defendant continues to engage in the sending of unsolicited faxes.

Fourth, this is not a case involving a case of particularly vulnerable consumers. Although plaintiff refers to the putative class members as "consumers," it appears that they include many businesses.

Fifth, the provenance of this litigation is somewhat suspect. Plaintiff's counsel entered into a retainer agreement with plaintiff not because plaintiff was aggrieved by an unsolicited fax that it received. Instead, the retainer agreement provided that plaintiff was to send to plaintiff's counsel any unsolicited fax it received so that plaintiff's counsel could determine whether a violation of the Telephone Consumer Protection Act had occurred.

Finally, it must be remembered that Rule 23 is a procedural rule designed to assist courts in serving their fundamental function of resolving actual disputes in a fair, efficient, and effective manner. It is not intended to convert courts into vehicles for effecting legislatively declared policy absent the existence of a genuine underlying dispute. Whether such a dispute exists is manifested by the institution of a law suit by a party who believes herself, himself, or itself to be aggrieved by the conduct of someone else.

A separate order effecting the ruling made in this memorandum is being entered herewith.

Date: January 29, 2014          /s/
                                J. Frederick Motz
                                United States District Judge